Judge Mills
delivered the opinion.
The appellant claims the land in controversy by the following certificate, of the county court, if it can be denominated a certificate, and not a mere entry 09 the records of that court:
“Logan county, set. Dec. term, 1805.
“No. 1949.— Lewis Mawzy enters four hundred acres of land in Logan county, on the waters of Red river; to be-ginn at the northwest corner of an entry of five hundred acres made for the Bullitt seminary, which adjoins Philip Hooper’s survey of 20Ü acres, which includes what is called Puntney’s Grove, to run west from said beginning, thence south, thence east, thence north, so as to include the improvement and quantity in a square.”
It is not contended that the beginning, pointed out in this location, could not be found, upon using a reasonable degree of diligence. The claim to be adjoined, and the one which it in turn adjoins, is certain and fixed. To say nothing of defects in this claim, apparent on its face, the proof is silent as to the improvement. It is not identified or shewn in any way. It is made an essential call, and being ⅝ sensible object, its position is material. The calls *607 £>r course are definite, but the evident design of the locator is, that they may yield or vary to include the improvement. For he is to run according to these courses, “so as to include” that object, t he word square, taken in its strict import, does mean an equilateral as well as rectangular figure; but some times it is applied to one of lour sides, with equal angles only. Tb< length of the lines here ¡3 not given: they are to be varied by the call for the improvement, if necessary, which cond ices to shew that the locator designed a figure rectangular only, with unequal sides, if the improvement should so require. No douijt if the set-.lenient was shewn in this case, the length of the lines, and also the courses, might, and indeed must, be varied to include it. The appellant cannot be permitted to dispense with this call and keep it out of sight, when he shall choose, in any contest wnere the validity of his claim is in issue. We. therefore agree with the court below, that the want of this call must vitiate and destroy the claim, and that the app-dlant is entiil-d to no relief.
Bibb for appellant, Crittenden for appellee.
The decree is *ffi¡ med ; i ¡ costs.